IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARY V. HENDY, ) | CASE NO. 5:21 CV 647 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| VERA F. BOGGS, et. al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | **AND ORDER** |

I.   **Introduction**

*Pro Se* Plaintiff Cary V. Hendy ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 against 17 defendants in connection with the Ohio Civil Rights Commission's ("OCRC") apparent investigation of a charge of unlawful discrimination and the OCRC's ultimate finding that Plaintiff violated Ohio's fair housing statutes. (*See* Doc. No. 1).

The defendants are state employees or officials and are identified as follows: Vera F. Boggs, OCRC Regional Director; Tameka Brooks, Akron OCRC Investigator; Sandra Manis, Akron Regional Supervisor; G. Michael Payton, former Executive Director; Stephanie Bostos-Demers, Chief Legal Counsel; Angela Phelps-White, "replacement of G. Michael Payton"; Lori Barreras, Commissioner; Leonard Hubert, Commissioner; William Patmon, Commissioner; Juan Cespedes, Commissioner; Madhu Singh, Commissioner; Denise Johnson, Administrative Hearing Officer; Wayne Williams, assistant attorney general; Lori Anthony, assistant attorney

general; Lauren Green-Hull; Charles Miller, Counsel to the Attorney General; and Dave Yost, Ohio Attorney General.

Plaintiff's Complaint is largely incomprehensible, consists of conclusory allegations, and is devoid of any factual support. In his preface, Plaintiff states that he has been "under the gun" of two state agencies and "held at [] gunpoint" by state agents for six years. (Doc. No. 1 at 7). He states that "this complaint stems from intentional white collar crime [and] is about legal counselors, as state employees, purposefully writing shades of grey in state law statutes which then deny federal rights. (*Id.* at 8).

It appears, however, that Plaintiff alleges that the defendants violated his constitutional right to procedural due process, stating "My rights to have an actual investigation of an accusation against me completed by the [OCRC] has been denied [and] obstructed by the agency staff itself while simultaneously being extorted as guilty." (*Id.* at 13). He then proceeds to list each defendant, the job title or responsibility of the defendant, and the role each defendant played in the OCRC investigation. (*See id.* at 27-32, 34-44). In a conclusory fashion, without supporting factual detail, Plaintiff also alleges "libel, nonfeasance, malfeasance, [and] extortion." (*Id.* at 7-8). Plaintiff requests monetary damages in the amount of $9,500,000, plus "2 Silver Certificates equaling $600." (*Id.* at 49).

Defendants Boggs, Brooks, Manis, Payton, Bostos-Demers, Phelps-White, Barreras, Hubert, Patmon, Singh, Johnson, Williams, Anthony, Miller, and Yost filed a Motion to Dismiss Plaintiff's Complaint for lack of jurisdiction and for failure to state a claim pursuant to Fed. R. Civ. P. 12(B)(1) and (6) (collectively "Defendants") (Doc. No. 23). The motion remains unopposed.

II. **Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of claims when the claimant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under this rule, the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

In reviewing the Complaint, the Court must construe the pleading in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Plaintiff's Complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). Nor is the Court required to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

The Supreme Court explained the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Additionally, *pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines*, 404 U.S. at 520). A district court, however, may dismiss an action *sua sponte* if the Complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)).

In other words, a district court may *sua sponte* dismiss a claim under Rule 12(b)(1) where that claims lacks the "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480. Under these circumstances, a district court need not provide a plaintiff the opportunity to amend his or her complaint. *Id.* at 479. The plaintiff has the burden of proving subject matter jurisdiction in order to survive dismissal pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996). Lack of subject matter jurisdiction is a non-waivable, fatal

defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir.1990).

### III. Discussion

As an initial matter, Plaintiff's Complaint does not allege enough factual content from which the Court can draw the reasonable inference that the defendants are liable for the misconduct alleged. The Complaint includes statements such as "[the defendants] pretending to investigate," [o]bstruct deny yet claim completed investigation while all documentation shows a direct lie," "Boggs rendered probable cause * * * with no investigation done by her employer," and "leading the staff by example to denial of agency's mandated duty to investigate" (Doc. No. 1 at 34-36).

Although the Court is required to liberally construe the Complaint and make reasonable inferences in Plaintiff's favor, the Court is not required to accept as true legal conclusions unsupported by well-pleaded facts or unwarranted factual inferences. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)) (further citation omitted). Nor is the Court required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter*, 532 F.3d at 577; *Beaudett*, 775 F.2d at 1277-78.

Plaintiff's sparse and confusing factual allegations and conclusory legal assertions therefore do not support a plausible constitutional claim against the defendants upon which relief may be granted. On this basis alone, Plaintiff's Complaint must be dismissed. *Apple*, 183 F.3d at 479.

Nonetheless, considering these minimal facts, it appears that Plaintiff attempts to assert that Defendants violated his right to procedural due process. To the extent that Plaintiff claims Defendants have violated his due process rights, his claim fails.

To prevail on a procedural due process claim, a plaintiff must plead and prove either (1) that he was deprived of property as a result of an established state procedure that itself violates due process rights; or (2) that the defendant deprived him of a protected liberty or property interest pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation of property. *Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 588 (6th Cir. 2004); *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). The plaintiff bears the burden of demonstrating that state remedies for redressing the alleged wrong are inadequate. *Vicory*, 721 F.2d at 1066 ("In a procedural due process case under section 1983, the plaintiff must attack the state's corrective procedure as well as the substantive wrong.").

Here, Plaintiff appears to allege that Defendants violated his constitutional right to due process when they failed to conduct a proper investigation, which falls under the second category. Plaintiff, however, has not alleged that state remedies for redressing the wrong are inadequate. Indeed, Plaintiff has a state remedy and he has availed himself of the same when he appealed the OCRC's decision finding Plaintiff engaged in unlawful discriminatory housing practices. (*See* Doc. No. 23 at 8-9) (citing *Hendy v. Ohio Civil Rights Comm.*, CV-2017-05-1805 (Ct. Com. Pl. Oct. 23, 2017)). According to Defendants, this litigation is still pending in the Summit County Court of Common Pleas. (*Id.* at 9, 16-17). Plaintiff has not demonstrated this remedy is

inadequate for redressing the alleged wrong. He therefore fails to state a claim for a violation of his due process rights.

Moreover, to the extent Plaintiff's appeal of the OCRC's decision remains pending in the state court, and Plaintiff asks this Court to intervene, the Court may not do so. A federal court must abstain from interfering with pending state court proceedings involving important state interests absent extraordinary circumstances which are not present here. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Abstention is appropriate where: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention is mandated whether the state-court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Here, if Plaintiff's appeal of the OCRC's decision is still pending, all three factors supporting abstention are present. The issues here are of paramount state interest. *See Ohio Civ. Rights Comm. v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 628, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986) (*Younger* doctrine is applicable to state administrative proceedings in which important state interests such as discrimination are vindicated). And concerning the final factor of the *Younger* abstention, it is Plaintiff's burden to demonstrate that he is barred from presenting any federal claim that he may have in the state court proceedings, and he does not allege here that those proceedings did not or could not provide him with an opportunity to do so. *Pennzoil Co. v.*

*Texaco, Inc.*, 481 U.S. 1, 14-15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987). The Court must therefore abstain from interfering with Plaintiff's pending proceedings.

To the extent, however, that Plaintiff's Complaint constitutes an appeal of any state court proceeding, this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990) (quoting *Pennzoil*, 481 U.S. at 25)), amended on other grounds 243 F.3d 234 (6th Cir. 2001). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16.

This Court therefore lacks jurisdiction to consider Plaintiff's Complaint to the extent that Plaintiff is seeking to be relieved of the consequences of the state proceedings.

Finally, to the extent that Plaintiff is asserting any state law claims, the Court declines to exercise jurisdiction over those claims. A district court "may decline to exercise supplemental jurisdiction over a claim" if that court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The decision to exercise supplemental jurisdiction depends on "judicial economy, convenience, fairness, and comity [ ... ]." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law

claims or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

Having dismissed Plaintiff's federal claims at this early stage of litigation, the Court declines to exercise supplemental jurisdiction over any state law claim Plaintiff may have asserted.

**IV.     Conclusion**

For all of the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 23) is granted. Further, all claims against Defendants Juan Cespedes and Lauren Green-Hull are dismissed under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999). Plaintiff's state law claims are dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith. This case is hereby TERMINATED.

**IT IS SO ORDERED**.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: July 26, 2021